UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHERIE JOYCE,**

    **Plaintiff,**

    v.                                    CIV. NO. 06-1154 LH/ACT

**CITY OF ALBUQUERQUE and**
**OFFICER JASON CLARKE, in**
**his individual and official capacity,**
**and ALBUQUERQUE ENTERTAINMENT**
**COMPLEX, LLC d/b/a/GRAHAM CENTRAL**
**STATION**,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the parties "Stipulated Protective Order for Internal Affairs Files and Personnel Files of Jason Clarke" ("Order") entered August 1, 2007. [Doc. 32.] Pursuant to the Order, the City of Albuquerque ("City") and Officer Jason Clarke ("Clarke") prepared and submitted a privilege log with documents and tapes to be reviewed by the court *in camera*.

This is a civil rights action. In the Complaint filed November 28, 2006, Plaintiff alleges that on May 20, 2006, that Officer Clark used excessive force when he punched Plaintiff and dragged her outside Graham Central Station, a nightclub. [Doc. 1] In Count I Plaintiff asserts an excessive force claim against Clark and in Count II Plaintiff asserts a claim for negligent hiring and training against the City.  In the Complaint, Plaintiff alleges that on May 20, 2006, that Clark used excessive force when he punched Plaintiff and dragged her outside Graham Central Station, a nightclub.

The documents at issue are internal affairs' files and documents from Clark's personnel file.

The right to confidentiality of matters contained in these files is not absolute. *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 437 (10th Cir. 1981). The procedure under *Lichtenstein* requires the court to determine whether the information contained in the internal affairs files is so personal or sensitive as to warrant protection, and whether the individual's right of privacy is outweighed by some outside compelling interest. The court must also determine if the requested material is relevant. *Id.* at 437. Generally, the court must also consider whether there exists a legitimate expectation of privacy in the matters contained in the file; if the disclosure serves a compelling interest, and whether the disclosure can be made in the least intrusive manner. *Id.* at 435. A complete ban of disclosure of internal affairs files is not necessary to protect the government's or the public's interest. *Id.* at 437. However, the court must carefully balance the competing interests to determine whether information should be produced or disclosed.

In determining whether the documents and files are discoverable the Court looks to the relevant law. The United States Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989) established the "objective reasonableness" standard for excessive force claims. Under this standard, the officer's subjective state of mind is not at issue and thus prior bad acts on the part of an individual officer are immaterial to the case. *Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005).

An exception to this rule is when a claim is asserted for municipal liability. Evidence concerning prior instances in which the individual defendant used excessive force may be relevant as to the existence of a municipal policy or custom condoning such conduct. *Crawford v. City of Kansas City*, 1997 WL 381758 (D. Kan. 1997) *citing Smith v. Delamaid*, 842 F.Supp. 453, 461 (D. Kan.1994); *Elbrader v. Blevins*, 757 F.Supp. 1174, 1184 (D.Kan.1991).

In this matter there is a narrow claim for municipal liability.  Plaintiff asserts that the City "neglected to provide adequate training in indoor crowd control and care for emergency medical problems."  Complaint, ¶ 29.  There is also a claim for punitive damages which some courts have held may require the disclose of internal affairs files.  *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Ca. 1990) ("discovery of an officer's past record....should only be permitted when: (1) the allegations of the Complaint, if proved, would probably result in a punitive damage award, and (2) review of the sought discovery would indicate that there is a reasonable possibility that the potential discovery would lead to a verdict of punitive damages.")

In light of the above and in reviewing the documents submitted, the Court finds that the documents and tapes at issue are not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  Thus, the Court will not order their production.

Finally, the Court notes that the City and Clark have agreed to produce the following documents:  Bates IA 000120-000174; Bates IA 000175-179; Bates PR 000001-000034; Bates PR 000037-000043; Bates PR 000048-000067 with a redaction of Officer Clarke's home address, home phone number, Social Security Number, and e-mail address.

**IT IS THEREFORE ORDERED** that the City and Clark will produce only those documents they have agreed to produce and will produce them pursuant to Stipulated Protective Order for Internal Affairs Files and Personnel Files of Jason Clark [Doc. 32.]

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**